Dorilton Capital Mgt. LLC v Stilus LLC

2026 NY Slip Op 02875

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dorilton Capital Management LLC et al., Plaintiffs-Appellants,

v

Stilus LLC et al., Defendants-Respondents.

Decided and Entered: May 07, 2026

Index No. 652428/23 |Appeal No. 6558|Case No. 2025-06684|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Mayer Brown LLP, New York (Rory K. Schneider of counsel), for appellants.

Friedland Law, New York (Olivia Browne of counsel), and Downs Law Group, P.A., Miami, FL (Jeremy Friedman of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 16, 2025, which, to the extent appealed from, granted defendants' motion to produce nonparty Peter de Putron for deposition to the extent of directing defendants to submit to the court a Letter of Request seeking to obtain de Putron's deposition to the Royal Court in Jersey, United Kingdom, to be signed and issued by the court, unanimously affirmed, with costs.

"[W]hen discovery is sought from a nonparty in a foreign jurisdiction [that is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 74444 [1970])], application of the . . . Convention . . . is virtually compulsory" (Dorilton Capital Mgt. LLC v Stilus LLC, 242 AD3d 546, 547 [2025] [hereinafter Dorilton I] [internal quotation marks omitted]). Under the Convention, to which the United Kingdon is a signatory, the domestic court seeking discovery from a nonparty such as de Putron may submit a Letter of Request to the appropriate foreign jurisdiction (see 23 UST 2555, TIAS No. 74444). Thus, in Dorilton I, we held that the court lacked the power to direct discovery of de Putron's electronic devices without complying with the Hague Convention (see Dorilton I, 242 AD3d at 547).

Nevertheless, a case-specific balancing of sovereign and party interests is required before authorizing international discovery pursuant to the Hague Convention (see SociÉtÉ Nationale Industrielle AÉrospatiale v United States Dist. Ct., 482 US 522, 543-44 [1987]; Richbell Info. Servs., Inc. v Jupiter Partners L.P., 32 AD3d 150, 155 [1st Dept 2006]; Orlich v Helm Bros., 160 AD2d 135, 143-144 [1st Dept 1990]). To compel the production of discovery from international entities, the movant must establish that the information sought is "crucial to the resolution of a key issue in the litigation" (Richbell at 157).

[*2]

Here, contrary to plaintiff's contention, the court providently exercised its discretion in concluding that the requested deposition testimony was necessary to address a crucial issue in this case, and that a Letter of Request was therefore appropriate. The record contains substantial evidence that de Putron was directly and intimately involved in the management of plaintiffs, appeared to have been displeased with defendants' performance in terms of the fan base they were engaging, and possibly was involved in the termination of plaintiffs' contracts with defendants that forms the basis of this dispute. The record, therefore, establishes that his testimony is directly relevant and material to the issue of why the contracts were terminated. The record also establishes that evidence of de Putron's motives, if any, for seeking to have plaintiffs terminate the contracts has not been readily obtainable through other means. Despite plaintiffs' arguments to the contrary, the information sought in defendants' proposed Letter of Request is sufficiently targeted to key issues in this litigation that are within his knowledge and that only he may be in a position to answer.

We have considered plaintiffs' remaining arguments and find them to be unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026